UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER CHEETAM,

       Plaintiff,                     Case No. 11-15495
                                              Hon. Gerald E. Rosen

v.

TRU-FLOW PLUMBING INC. and
LAWRENCE M. NEACE,

       Defendants.
_____/

**JUDGMENT OF DISMISSAL UNDER 28 U.S.C. § 1915(e)(2)(B)**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       January 12, 2012

PRESENT:  Honorable Gerald E. Rosen
                         Chief Judge, United States District Court

      In his *pro se* complaint in this case, Plaintiff Christopher Cheetam apparently seeks to assert one or more state-law claims against Defendants Tru-Flow Plumbing Inc. and Lawrence M. Neace, evidently arising out of faulty repair work that allegedly exposed Plaintiff to harmful gases and led him to suffer serious health problems. Accompanying Plaintiff's complaint was an application to proceed *in forma pauperis,* which the Court has now granted. Having reviewed the allegations of Plaintiff's now-filed complaint, the Court finds that this suit must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which this Court may grant relief.

      Under 28 U.S.C. § 1915(e)(2)(B)(ii), upon permitting a plaintiff to proceed *in*

*forma pauperis,* the Court nevertheless is directed to "dismiss the case at any time if the court determines," *inter alia,* that the complaint "fails to state a claim on which relief may be granted."  In this case, Plaintiff's complaint fails on its face to state a viable claim over which this Court may exercise subject matter jurisdiction.  Because Plaintiff evidently seeks to pursue only state-law claims, and not claims arising under federal law, he necessarily must appeal to the Court's diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).  Yet, in the civil cover sheet accompanying his complaint, Plaintiff has identified himself and Defendants alike as citizens of the State of Michigan, and the addresses listed for these parties confirm their Michigan residency.  It follows that the requisite diversity of citizenship is lacking.[1]

In any event, the papers accompanying Plaintiff's complaint reveal that he has previously — and, evidently, unsuccessfully — pursued claims against Defendant Tru-Flow in the Michigan courts.  Thus, it appears that the present suit is meant to serve as an appeal from an adverse state court ruling.  Under the *Rooker-Feldman* doctrine, however, the federal district courts lack jurisdiction to review claims which have been litigated and finally decided in state court.  *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22 (2005); *Leach v. Manning,* 105 F. Supp.2d

---

[1]Beyond the requirement that Plaintiff and Defendants must be citizens of different states, the statute conferring diversity jurisdiction mandates that the amount in controversy must "exceed[] the sum or value of $75,000."  28 U.S.C. § 1332(a).  In the present complaint, Plaintiff demands "[n]ine hund[]red and ninety nine zillion dollars" in damages.  Given the absence of diverse citizenship, the Court need not decide whether this statement of damages would satisfy the amount-in-controversy element of § 1332(a).

707, 713 (E.D. Mich. 2000). Likewise, principles of *res judicata* — also known as claim preclusion — defeat any attempt by Plaintiff to relitigate claims he has previously pursued before the state courts. *See Leach,* 105 F. Supp.2d at 712-13. This provides an additional basis for the dismissal of the present suit.

Accordingly, for these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that this case is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which the Court may grant relief.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: January 12, 2012

I hereby certify that a copy of the foregoing document was served upon Christopher Cheetam, P.O. Box 1472, Lincoln Park, MI 48146 on January 12, 2012, by ordinary mail.

s/Ruth A. Gunther
Case Manager